UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GERARDO HERNANDEZ, | Case No. 20-cv-07432-LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS FOR MOOTNESS WITHOUT PREJUDICE** |
| SANDHU BROTHERS LIQUOR INC., et al., | Re: ECF No. 15 |
| Defendants. | |

# INTRODUCTION

Plaintiff Gerardo Hernandez — who uses a wheelchair for mobility — encountered barriers at Mission Food & Liquor in the form of a lack of accessible parking and a route of travel to the business's entrance that had uneven asphalt and an improperly configured ramp. He sued the defendants, claiming violations of the Americans with Disabilities Act (ADA) and California law.[1] The defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) on the ground that the ADA claim is moot because it remediated the barriers.[2] The court denies the motion to dismiss for mootness in part because the declarations do not establish definitively that all barriers

---

[1] Compl. – ECF No. 1 at 4–8 (¶¶ 16–46). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 15.

ORDER – No. 20-cv-07432-LB

have been remediated and in part to allow the plaintiff to counter the defendants' extrinsic evidence. The court allows jurisdictional discovery to resolve the jurisdictional facts.[3]

## STATEMENT

On August 3, 2020, Mr. Hernandez visited Mission Food & Liquor (located in a commercial building in Union City) to purchase snacks and encountered the following barriers that interfered with his ability to "use and enjoy the goods, services, privileges, and accommodations offered" at the store:

> a) The plaintiff could not locate any accessible parking in the Facility's parking lot and had to park in a standard stall, which was more difficult due to the lack of an access aisle within which to unload into his wheelchair.
>
> b) The route of travel from Plaintiff's vehicle to the Facility entrance contained uneven asphalt and an improperly configured ramp, which made it difficult for Plaintiff to maneuver his wheelchair to and from the entrance.[4]

The defendants contend that they remediated both barriers and submitted declarations to support that contention.[5]

The building is owned by a living trust that also is a named defendant.[6] (Family members bought the property as tenants in common in 1986 and transferred the property into the trust in 1995.[7]) In 1987, the owners engaged an architect to remodel the 1500-square-foot commercial space to add a 1000-square-foot addition and a "concrete handicapped accessible ramp and [a] dedicated parking spot adjoining this ramp with attendant signage." The architect designed the

---

[3] The plaintiff does not dispute that he should have sued Surjit Sandhu, who is the tenant on the commercial lease, not Sandhu Brothers Liquor, and asks for leave to amend. Mot. – ECF No . 15-1 at 11–13; Sandhu Decl. – ECF No. 15-5 at 2 (¶¶ 3–5); Betchart Decl. – ECF No. 15-2 at 2 (¶ 11); Commercial Lease, Ex. A to Betchart Decl. – ECF No. 15-2 at 6, 11, 12; Opp'n – ECF No. 18 at 9. The court grants leave to amend.

[4] Compl. – ECF No. 1 at 3 (¶ 10(a)–(b)).

[5] The parties dispute whether the court may consider the evidence submitted by the defendants on a motion to dismiss. Opp'n – ECF No. 18 at 6–7; Reply – ECF No. 20 at 2–3. As discussed below, the court can consider the defendants' evidence in support of their jurisdictional challenge to the complaint. *Johnson v. Case Ventures, LLC*, No. 5:19-CV-02876-EJD, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

[6] Compl. – ECF No. 1 at 2 (¶ 2); Betchart Decl. – ECF No. 15-2 at 2 (¶ 2).

[7] Betchart Decl. – ECF No. 15-2 at 2 (¶¶ 1–3).

ORDER – No. 20-cv-07432-LB                    2

project "to code" and was responsible for ensuring that the construction was "properly permitted and designed within strict California guidelines for disabled patrons." "Every effort was made to comply with the accessibility requirements in both [the architect's] plans and in the actual construction." "[A]ll aspects of the construction were permitted, inspected, and approved by the Building Department of the City of Union City, California." The renovation work was completed in 1989, and the relevant authorities "signed off" on the permits for the completed remodel.[8]

In a supplemental declaration, the architect submitted the parking-space measurements that he used and that California law required (because the ADA — enacted July 26, 1990 — was not yet in effect).[9] That diagram shows that the parking spot is nine-feet wide (108 inches) with an adjacent aisle that is five-feet wide (60 inches).[10]

In early 2020, the trust did maintenance work on the parking lot. The surface paving "had become cracked and was slightly uneven (but not to the point that a physically challenged person could not navigate into the building)." The "Handicapped Only" parking sign had been stolen. The trust's plan was to fix the paving repairs and then repaint the (now faint but still visible) parking lines and replace the sign. The parking spot remained usable. The trust hired a paving company that "essentially walked off the job" after the pandemic hit (pending CDC guidance about how to keep its employees safe). The trust tried to find a company to complete the work, was unsuccessful initially, and ultimately — by November 2020 — was able to repave the handicapped space, repaint the stripes, and install a new handicapped parking sign. (The trust was served with the lawsuit on November 11, 2020.)[11] The trust submitted a photograph taken on February 21, 2021 showing the parking space and sign and "demonstrate[ing] that the handicapped parking space — lines, ramp, and signage — have been repaired."[12]

---

[8] *Id.* (¶¶ 4–10); McGillis Decl. – ECF No. 15-4 at 2–3 (¶¶ 5–11).

[9] McGillis Supp. Decl. – ECF No. 20-1 at 2 (¶¶ 4–6); Parking Schematic, Ex. A to *id.* – ECF No. 20-1 at 4–5.

[10] Parking Schematic, Ex. A to *id.* – ECF No. 20-1 at 4–5.

[11] Betchart Decl. – ECF No. 15-2 at 3 (¶¶ 13–21).

[12] Betchart Supp. Decl. – ECF No. 20-2 at 2 (¶ 5); Photograph, Ex. B to *id.* at 8.

ORDER – No. 20-cv-07432-LB                3

Mr. Hernandez filed this lawsuit, claiming violations of the ADA and California law.[13] The defendants moved to dismiss the complaint under Rule 12(b)(1) on the ground that the ADA claims are moot, and the court thus lacks jurisdiction over the state-law claims.[14] The court held a hearing on March 25, 2021. All parties consented to magistrate-judge jurisdiction.[15]

## LEGAL STANDARD

A complaint will be dismissed if, looking at the complaint as a whole, it lacks federal jurisdiction "facially" or "factually." *Thornhill Pub'g Co., Inc. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject-matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). But in deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977); *see St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.").

Generally, "[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004); *see McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence,

---

[13] Compl. – ECF No. 1 at 4–8 (¶¶ 16–46).
[14] Mot. – ECF No. 15.
[15] Consents – ECF Nos. 6 & 21.

ORDER – No. 20-cv-07432-LB                4

1  such as affidavits and testimony, to resolve factual disputes concerning the existence of
2  jurisdiction."). The standard applies to an ADA case: when the court is resolving a factual attack on
3  a complaint, it may review evidence beyond the complaint without converting a Rule 12(b) motion
4  into a motion for summary judgment. *Johnson v. Case Ventures, LLC*, No. 5:19-CV-02876-EJD,
5  2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020) (citing *Safe Air for Everyone v. Meyer*, 373
6  F.3d 1035, 1039 (9th Cir. 2004)). "Once the defendant presents extrinsic evidence, the plaintiff
7  must establish jurisdiction with evidence from other sources." *Id*. When the jurisdictional issue is
8  intertwined with the merits — as is the case here because the court's jurisdiction and the substantive
9  claims are both premised on the ADA — the court "must apply the summary judgment standard in
10 deciding the motion to dismiss." *Id*. (cleaned up).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## ANALYSIS

Remediating barriers can moot an ADA claim. *Oliver v. Ralph's Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). "A case is moot if subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Johnson v. Mantena LLC*, No. 5:19-CV-06468-EJD, 2020 WL 1531355, at *2 (N.D. Cal. Mar. 31, 2020) (citing *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)).

The parties do not dispute that remediating the alleged parking, pavement, and ramp barriers is "readily achievable."[16] 28 C.F.R. § 36.304(b)(1) & (18) ("installing ramps" and "creating designated accessible parking spaces" are readily achievable). They dispute only whether the defendants remediated the barriers (the parking space, the uneven pavement, and the ramp) and mooted the case.[17] The court denies the defendants' motion without prejudice in part because the

---

[16] Mot. – ECF No. 15-1 at 7–8; Opp'n – ECF No. 18 at 8.

[17] Mot. – ECF No. 15-1 at 9–10; Opp'n – ECF No. 18 at 7–8.

United States District Court
Northern District of California

1  declarations do not establish remediation definitively. The defendants may supplement their

2  evidence. Then, given the defendants' "extrinsic evidence, the plaintiff must establish jurisdiction

3  with evidence from other sources." *Johnson*, 2020 WL 1531355, at *2. The court allows

4  jurisdictional discovery to accomplish that objective.

### 1. Accessible Parking

The relevant rule (for a facility like Mission Food & Liquor, with fewer than 26 parking spaces) is that it must have at least one "van parking space," which either must be at least 132 inches wide and adjacent to an aisle at least 60 inches wide or must be at least 96 inches wide and adjacent to an aisle at least 96 inches wide. 36 C.F.R. App. B §§ 208.2, 208.2.4, 502.3, 502.3.1. The accompanying sign must be at least 60 inches high measured from the ground to the bottom edge of the sign and "contain the designation 'van accessible.'" 36 C.F.R. Pt. 1191; App. D § 502.6; *Arroyo v. Aldabashi,* No. 16-CV-06181-JCS, 2018 WL 4961637, at *4 (N.D. Cal. Oct. 15, 2018); *Langer v. Vergara,* No. 18-CV-2401-L-BGS, 2020 WL 6712217, at *4 (S.D. Cal. Nov. 16, 2020).

The defendants' diagram establishes that the parking space is nine feet wide (108 inches) next to an aisle that is five feet wide (60 inches) for a typical accessible parking stall, or is nine feet wide (108 inches) next to an aisle that is eight feet wide (96 inches) for a van accessible parking stall.[18] The latter measurement satisfies the ADA standard, but the declaration does not say that this is the measurement of the parking space. (The court assumes it is, but the declaration must be explicit.) (Also, the diagram does not have the height of the sign, but the plaintiff does not challenge the height in the complaint.)

### 2. Uneven Pavement

The defendants submitted declarations that they repaved the parking space.[19] The plaintiff responded to this point only by contending that the court cannot consider the issue in a Rule

---

[18] Parking Schematic, Ex. A to McGillis Supp. Decl. – ECF No. 20-1 at 4–5.

[19] Betchart Decl. – ECF No. 15-2 at 3 (¶ 20); *see* Sandhu Decl. – ECF No. 15-5 at 2 (¶ 8) ("was aware that the parking area was to be repaved").

United States District Court
Northern District of California

12(b)(6) motion.[20] The court can consider the evidence because this is a Rule 12(b)(1) jurisdictional challenge to the complaint.[21] That said, the plaintiffs can counter the defendants' "extrinsic evidence . . . with evidence from other sources." *Johnson*, 2020 WL 1531355, at *2.

### 3. Ramp

The defendants declare that "[t]he ramp, which was built to strict California standards in 1989, has been there and maintained since 1989 and [is] not in dire need of repair and/or remodeling."[22] They also declare that "the remedial repairs and routine maintenance [] performed last year in November [2020] demonstrate that the handicapped parking space — lines, ramp and signage — have been repaired. . . . [P]hotographs that I took on Monday, February 19, 2021 (attached hereto as Exhibit B) demonstrate that the remedial work has been completed."[23] The declarations do not establish remediation of the ramp sufficiently. First, the motion does not have the ADA standard for an accessible ramp. Second, the declaration — while an assertion of fact — is conclusory and is not tethered to the relevant standard.

### CONCLUSION

The court denies the motion to dismiss without prejudice. The court directs the parties to confer and to establish a plan for limited jurisdictional discovery. (The parking lot is outside, and any conference can be modest to facilitate — if necessary — the plaintiff's unobstructed access to evaluate the alleged remediation.) The defendants may supplement their declarations and may notice the matter for a hearing on the normal five-week schedule. If they do, then the plaintiffs have the ordinary two weeks to oppose the motion and submit evidence to counter the defendants' evidence and establish the court's jurisdiction. *Johnson*, 2020 WL 1531355, at *2. The defendants may reply one week later. Alternatively, the parties can continue on the ordinary General Order 56 track.

---

[20] Opp'n – ECF No. 18 at 4–7.

[21] *See supra* note 4.

[22] Betchart Decl. – ECF No. 15-2 at 4 (¶ 22).

[23] Betchart Supp. Decl. – ECF No. 20-2 at 2 (¶ 5).

ORDER – No. 20-cv-07432-LB        7

1  The court grants leave to the plaintiff to amend the complaint to name the correct tenant. The
2  court suggests that if the defendants are going to pursue the jurisdictional challenge at the
3  pleadings stage, the parties confer on a schedule to avoid unnecessary costs.

**IT IS SO ORDERED.**

Dated: March 25, 2021

_____
LAUREL BEELER
United States Magistrate Judge